UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS SCOTT,

    Plaintiff,

v.                                                       CASE NO. 2:21-cv-11146

U.S. DEPARTMENT OF JUSTICE,              HONORABLE SEAN F. COX
U.S. ATTORNEY'S OFFICE,
EATON BROWN, APRIL RUSSO,
MRS. BRUNSON, and MARC BARRON,

    Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THIS CASE AND DENYING AS MOOT PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL**

Plaintiff Curtis Scott, an inmate at the Federal Correctional Complex in Petersburg, Virginia, recently filed a *pro se* civil complaint. He seeks $30 million in money damages for alleged violations of his constitutional rights before and during his criminal trial.

In the caption for his complaint, Scott names the United States Department of Justice, the U.S. Attorney's Office, Eaton Brown, April Russo, Mrs. Brunson, and Oakland County Judge Marc Barron as defendants. (ECF No. 1, PageID.1.) Scott states in the body of his complaint that he is also suing the FBI, Matthew Wieas, Jeffrey Jacobs, and Det. Hunt. *Id*. at PageID.6. In a separate document, Scott seeks appointment of counsel because he does not know how to proceed, and he does not "want to mess up [his] suit . . ." (ECF No. 4). The Court has determined that the complaint is an improper challenge to Scott's federal conviction and that some defendants are immune from suit. Accordingly, the Court will dismiss this case and deny Scott's application for appointment of counsel as moot.

## I. Background

Scott alleges in his complaint that his rights were violated in and out of court by FBI agents and prosecutors in case number 14-20780. (ECF No. 1, PageID.1.) This District's records indicate that the federal prosecuting attorneys assigned to that case were Jeanine Brunson, April Russo, and Eaton Brown. *See United States v. Scott*, No. 4:14-cr-20780 (E.D. Mich. 2014). On March 9, 2016, a jury found Scott guilty of one count of carjacking, 18 U.S.C. §§ 2119(1) and (2), one count of using or carrying a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 924(c) and (2), and one count of making a false statement or representation to a department or agency of the United States, 18 U.S.C. § 1001. *See Scott*, No. 4:14-cr-20780, ECF No. 92, PageID.742-744.

Scott is now incarcerated at a federal prison in Virginia. He contends that in 2014, Agent Wieas submitted a misleading affidavit to Oakland County Judge Marc Barron. (ECF No. 1, PageID.1.) The affidavit allegedly sought 373 days of text messages and other information which Wieas knew was illegal, *id*., and during a hearing in June 2015, Wieas allegedly denied making a request for that information, *id*. at PageID.2.

Scott also alleges that the Government withheld information from the defense and allowed its witness to lie to the grand jury. *Id* .at PageID.2. Additionally, according to Scott, the prosecutor made misleading, false, and improper remarks during jury selection and in her closing argument. *Id*. at PageID.2-5. Scott contends that, as a result of the Government's conduct, he lost three or four jobs, his freedom, and a vehicle. He also suffered from emotional distress and a bad credit rating. *Id*. at PageID.5-6.

## II. Discussion

### A. Legal Framework

Scott brings his complaint under the Fourth and Fourteenth Amendments to the U.S. Constitution. *Id*. at PageID.1. Because he is suing a state judge, as well as, federal entities and federal employees, the Court construes his complaint as a hybrid action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Section 1983 "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' " *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute).

*Bivens,* on the other hand*,* "recognized an implied cause of action to remedy a constitutional violation." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017). It is the federal analog to suits brought against state officials under § 1983. *Ashcroft v. Iqbal*, 556 U.S.662, 675-76 (2009). The same legal principles apply to cases brought under *Bivens* and under § 1983,

> except for the requirement of federal action under *Bivens* and state action under § 1983. A plaintiff must prove two elements to prevail on either type of claim: (1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law. *Bivens*, 403 U.S. at 392, 91 S.Ct. 1999; *Marcilis v. Twp. of Redford*, 693 F.3d 589, 595 (6th Cir. 2012); *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

*Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Scott was granted permission to proceed without prepaying the fees or costs for this action. (ECF No. 5.) The Court is required to screen an indigent prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. The Challenge to Plaintiff's Conviction

Plaintiff's allegations are frivolous and fail to state a plausible claim because they challenge his federal conviction. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id*. at 486-87 (footnote omitted) (emphasis in original). This holding "applies equally to an action brought under *Bivens*." *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998). *Heck* and subsequent Supreme Court cases indicate that a prisoner's civil rights

4

action "is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Scott has not alleged that his conviction has been declared invalid or otherwise impugned as set forth in *Heck*, and success in this action would necessarily demonstrate the invalidity of his confinement. To be sure, he is relying in part on the Fourth Amendment, and a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a criminal trial. *Heck*, 512 U.S. at 487 n. 7. But to recover compensatory damages, a civil rights plaintiff still "must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which . . . does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned." *Id*. (internal citation omitted, emphasis in original). Scott has not proved that any searches or seizures in his criminal case were illegal, and the injuries about which he complains derived from his conviction and imprisonment. Therefore, Scott's challenge to his conviction is not cognizable in this civil rights action. *Heck*, 512 U.S. at 487; *Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

### C. The Federal Agencies

Some defendants can be dismissed for additional reasons. First, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "[T]he United States has not consented to be sued for damages based on constitutional violations," *Rivera v. Saris*, 130 F. Supp. 3d 397, 401 (D.D.C. 2015) (quotation marks and end citations

omitted), and *Bivens* did not abrogate the sovereign immunity of the United States or that of a federal agency. *Heritage Hills Fellowship v. Plouff*, 555 F. Supp. 1290, 1294 (E.D. Mich. 1983) (citing *City of Whittier v. Department of Justice*, 598 F.2d 561 (9th Cir. 1979), and *Gnotta v. United States,* 415 F.2d 1271 (2d Cir. 1964)).

Additionally, "*Bivens* is applicable only where an individual officer or group of officers is sued." *Id*. A *Bivens* action may not be brought against the United States. *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992); *see also Ziglar*, 137 S. Ct. at 1860 (noting that "a *Bivens* claim is brought against the individual official for his or her own acts" and that "[t]he purpose of *Bivens* is to deter the *officer*") (quoting *Meyer,* 510 U.S. at 485) (emphasis in *Ziglar*); *Meyer*, 510 U.S. at 473 (declining to extend *Bivens* to an agency of the Federal Government). Thus, the Department of Justice, the FBI, and the U.S. Attorney's Office are not proper parties to this lawsuit.

### D. The Assistant U.S. Attorneys

Plaintiff is suing the three assistant U.S. Attorneys who prosecuted him, but prosecutors enjoy absolute immunity from liability in a civil rights action for conduct " 'intimately associated with the judicial phase of the criminal process.' " *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (stating that functions which "serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). This immunity extends to prosecutors' conduct in initiating a prosecution and in presenting the government's case. *Burns*, 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 431). Prosecutorial immunity also extends to the knowing use of false testimony before a grand jury and at trial, to the

6

presentation of evidence at pre-trial and trial proceedings, and to the non-disclosure of exculpatory information at trial. *Koubriti*, 593 F.3d at 467.

The prosecutorial acts and omissions that Scott complains of were intimately associated with the judicial phase of the criminal process. Thus, assistant U.S. Attorneys Eaton Brown, April Russo, and Jeanine Brunson are immune from suit.

### E. The State Judge

Judges also enjoy immunity from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity

> is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Id*. at 11-12 (internal and end citations omitted).

The facts, as alleged in the complaint, indicate that Oakland County Judge Marc Barron was acting in his judicial capacity when Agent Wieas approached him with a search affidavit, and Scott has not shown that Judge Barron lacked jurisdiction in the matter. Therefore, Judge Barron is immune from suit.

### III. Conclusion

For the reasons given above, Scott's complaint is frivolous and fails to state a plausible claim for which relief may be granted. The Court, therefore, summarily dismisses the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal under *Heck* is without prejudice, *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999), and the Court certifies that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

7

Dated: July 9, 2021

s/Sean F. Cox
Sean F. Cox
U. S. District Judge